JOHN G. HALL *vs.* ABEL STAPLES.

Hancock.    Opinion December 7, 1882.

*Levy.   Appraisers, certificate of oath of; mistake in name of.   R. S., c. 76, § 2.*

The provisions of the statute, requiring the certificate of the oath administered to the appraisers, chosen to make a levy, to be written upon the back of the execution, is directory to the officer, and will not be considered as necessary to the validity of the levy in an action between the judgment debtor and an innocent purchaser from him in whose behalf the levy was made.

Where the papers clearly show that the person chosen and sworn as appraiser was the same as he who acted in that capacity, a clerical error in the initial letter of his name in the officer's return is not fatal to the levy.

ON REPORT.

Real action for the recovery of certain land situated in the town of Brooklin.

The opinion states the case.

*H. A. Tripp*, for the plaintiff.

The creditor attempts to obtain a title to the lands of the debtor by force of the statute. He "must see that all the requirements of the statutes are complied with and if he fail through any deficiency in description, or in any preliminary proceedings he will not succeed in his attempt to obtain a title." *Jewett* v. *Whitney*, 51 Maine, 244; *Lumbert* v. *Hill*, 41 Maine, 482; 14 Mass. 20.

In this case the requirements of R. S., c. 76, § 2, were not complied with. See *Brackett* v. *Ridlon*, 54 Maine, 435.

*A. P. Wiswell*, for the defendant, cited: *Brackett* v. *McKenney*, 55 Maine, 504; *Bamford* v. *Melvin*, 7 Green. 14; *Phillips* v. *Williams*, 14 Maine, 411; *Lumbert* v. *Hill*, 41 Maine, 475; *Williams* v. *Amory*, 14 Mass. 20; *Huntress* v. *Tiney*, 39 Maine, 241; *Emery* v. *Legro*, 63 Maine, 357; *Boynton* v. *Grant*, 52 Maine, 220; *Chase* v. *Williams*, 71 Maine, 190.

DANFORTH, J. It is admitted that the title to the land in question was originally in the plaintiff and so remains unless taken from him by a levy in favor of Haynes H. Harden, under whom the defendant claims, and the only question is, as to the validity of that levy.

The first objection is, that the certificate of the oath administered to the appraisers was not made upon the back of the execution, but on a separate piece of paper and attached to it. This cannot be considered a compliance with the statute under which this levy was made and as it now is. Under the statute of 1821, under which the decision in *Phillips* v. *Williams*, 14 Maine, 411, relied upon in the argument, was made, no certificate from the magistrate administering the oath was necessary. The return of the officer that he had caused the appraisers to be sworn was the sufficient and only evidence required of that fact. In the revision of 1841, c. 94, § 4, it is provided that the appraisers shall be sworn before a justice of the peace, "and such justice shall make his certificate on the back of said execution, of his having administered such oath." This provision, enlarged so as to authorize the officer to administer the oath, is continued to the present time. In R. S., c. 76, § 2, it reads, "and a certificate of the oath shall be made, stating the date of its administra-

tion, on the *back of the execution*, by the person who administered it." The meaning of this language would seem to be unmistakable. That which is written upon a separate piece of paper is not upon the "back of the execution" even though the paper may be, at one corner, affixed to it. If it were affixed throughout so that it could not be removed, it might become a part of the execution and a compliance with the law but not otherwise. That this construction of the statute is in accordance with the intention of the legislature, is evident, not only from the language used but also from another provision of the statute relating to the same general subject. By the revision of 1857, c. 76, § 3, the appraisers are to make their return " on the back of the execution." In 1863, c. 165, this was amended by adding the words, " or annexed to the execution," leaving the provision in relation to the certificate of the oath the same as before. Thus showing clearly that the legislature understood that a return "on the back" was not the same as one "annexed," and although it might seem desirable to change the law in respect to the return of the appraiser, it was not so in respect to the certificate.

But this provision may be considered as directory to the officer rather than vital to the levy. The oath is the essential thing. It is necessary, to authorize the appraisers to proceed, as much as the execution itself. It is proper therefore, that the evidence of it should be upon and a part of the execution, especially as that is the most certain way of preserving it. Possibly as against a subsequent attaching creditor, or *bona fide* purchaser it may be the only legitimate evidence. But in this case it is the debtor himself who seeks to take advantage of the omission. He has suffered no harm, for the evidence is abundant that the oath was duly administered and all that was necessary to secure his rights in this respect was done. On the other hand so far as appears the defendant is an innocent purchaser from him in whose behalf the levy was made. The levy was duly recorded and upon that record he had a right to rely. It does not appear that the record disclosed any such omission as is now claimed. Under these circumstances it would be proper to allow an amendment if one were needed. The lapse of time is no objection, for it does not

appear that the defendant is responsible for that, but rather the plaintiff. He is the moving party and it is not for him to complain of a delay caused by a neglect on his part to assert his rights. This alleged defect in the levy must therefore fail to assist the plaintiff in maintaining his action.

The other two objections to the levy may properly be considered as one. It is agreed that by the officer's return and certificate, it appears that George G. Allen was chosen and sworn as one of the appraisers, while their return is signed by G. R. Allen. The return of the officer and of the appraisers, which are admitted to be correct, must show that in fact the same man, who acted, was properly chosen and sworn. This is the only inference which can be drawn from the papers, and no harm can, therefore, have resulted to any one on account of the clerical mistake in the initial of the middle name. This cannot avail the plaintiff. *Boynton* v. *Grant*, 52 Maine, 220.

*Judgment for defendant.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and SYMONDS, JJ., concurred.